**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTWAIN BAILEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CHICAGO, ILLINOIS, )<br>CHICAGO POLICE OFFICERS )<br>D. W. PEARSON, Star No. 16462, )<br>K. K. KRIZKA, Star No. 15972, and )<br>R. BROWN, Star No. 12748, ` )<br>COUNTY OF COOK, UNKNOWN )<br>COOK COUNTY SHERIFFS, and )<br>UNKNOWN MEDICAL PERSONNEL )<br>OF COOK COUNTY HOSPITAL, )<br>(Stroger), )<br>)<br>Defendants. ) | **JURY TRIAL DEMANDED**<br><br>FILED: AUGUST 6, 2008<br>08CV4441<br>JUDGE MAROVICH<br>MAGISTRATE JUDGE MASON<br><br>JFB |

## COMPLAINT

Now comes Plaintiff, ANTWAIN BAILEY, ("Plaintiff"), by and through his attorneys, Jeffrey B. Granich, Josh M. Friedman and Katie Z. Ehrmin, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), Defendants CHICAGO POLICE OFFICERS D. W. PEARSON, Star No. 16462, K. K. KRIZKA, Star No. 15972, and R. BROWN, Star No. 12748 ("Defendant Officers"), Defendant COUNTY OF COOK, Defendants UNKNOWN COOK COUNTY SHERIFFS, and Defendants UNKONWN MEDICAL PERSONNEL OF COOK COUNTY HOSPITAL, (Stroger):

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution as well as under Illinois State law..

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Antwain Bailey was a male resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were Police Officers employed by Defendant City of Chicago and were acting under color of law and within the course and scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

7. Defendant County of Cook owns and operates Cook County Hospital (Stroger), and is a political subdivision of the State of Illinois and a unit of local government subject to the laws of the State of Illinois. At all times

       relevant hereto, Defendant County of Cook was the employer of Defendants Unknown Cook County Sheriffs and Unknown Medical Personnel at Cook County Hospital (Stroger).

8. At all times relevant hereto, Defendants Unknown Cook County Sheriffs were employed by Defendant County of Cook and were acting under color of law and in the course and scope of their employment.

9. At all times relevant hereto, Defendants Unknown Medical Personnel at Cook County Hospital (Stroger) were employed by Defendant County of Cook and were acting under color of law and in the course and scope of their employment.

## FACTUAL ALLEGATIONS

10. On or about August 7, 2006, Plaintiff was lawfully operating a motorcycle at or near 11910 S. Yale Ave. in Chicago, Illinois.

11. At this time, one or more Defendant Police Officers were operating a police vehicle and encountered Plaintiff while he was operating the motorcycle.

12. At this time, and as one or more Defendant Officers were in the process of curbing the motorcycle, Defendant Officers operated the vehicle in a highly reckless and dangerous manner, and intentionally ran over the Plaintiff after one or more Defendant Officers intentionally caused a crash to occur with the Plaintiff and the motorcycle operated by Plaintiff.

13. The police vehicle operated by one or more Defendant Officers ran over

Plaintiff's right leg, causing him severe pain and injuries.

14. Sometime thereafter, Plaintiff was transported to a hospital where he underwent surgeries for the injuries sustained by one or more Defendant Officers as a result of their intentional conduct in causing a collision with Plaintiff and causing their vehicle to run over Plaintiff's right leg.

15. At some time after being admitted to hospital, Plaintiff was charged with Possession of a Stolen Vehicle in violation of 625 ILCS 5.0/4-103-A-1 and Unlawful Use of a Weapon in violation of 720 ILCS 5.0/24-1.1-A.

16. After being discharged from hospital, Plaintiff was transported to and incarcerated in the Cook County Jail, which is owned and operated by defendant Cook County. At the time of his incarceration, Plaintiff was suffering from severe injuries and was in extreme pain, and his medical condition was objectively serious and apparent to Defendants Unknown Cook County Sheriffs.

17. Plaintiff repeated requested medical treatment from one or more Defendant Unknown Cook County Sheriffs. Despite Plaintiff's repeated requests for medical treatment, one or more Defendant Unknown Cook County Sheriffs were deliberately indifferent to Plaintiff's medical condition by their deliberate failure to obtain treatment from medical personnel for Plaintiff's objectively serious and apparent medical condition.

18. Sometime thereafter, Plaintiff was ultimately taken to Cook County Hospital where despite Plaintiff's obvious need for immediate medical attention, and his repeated requests for medical attention, one or more Defendant Unknown Medical Personnel at Cook County Hospital, acting with deliberate indifference to Plaintiff's medical condition, failed to treat Plaintiff and provide him with the necessary medical care.

19. On or about February 14, 2007, Plaintiff's right leg was amputated by one of Defendant Unknown Medical Personnel at Cook County Hospital (Stroger), a procedure that could and would have been avoided had Plaintiff received the necessary medical care and treatment that he had requested.

### Count I – 42 U.S.C. § 1983 – Excessive Force

20. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

21. On or about August 7, 2006, Defendant Officers subjected Plaintiff to excessive force by running over Plaintiff's leg with their vehicle.

22. The excessive force exhibited by Defendant Officers was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

23. The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue

here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct

        committed by other Officers, such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

24.     As a direct and proximate result of the unjustified and excessive use of force by Defendant Officers, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 – Failure to Intervene

25.     Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

26.     During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

27.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

28.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

29. As a direct and proximate result of the aforementioned failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress.

WHEREFORE, Plaintiff pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III– 42 U.S.C. § 1983 Conspiracy

30. Plaintiff re-alleges paragraph 1 through 19 as if fully repleaded herein.

31. Defendant Officers reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

32. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the U.S. constitution.

33. Said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

34. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the running over the Plaintiff with Defendant's police vehicle, on or about August 7, 2006, as more fully alleged in the preceding

paragraphs.

35. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department

     makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

      h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

36.      This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV – 42 U.S.C. § 1983– Eighth Amendment

37.      Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

38.      By failing to obtain medical treatment for Plaintiff despite Plaintiff's repeated requests for medical assistance, and his objectively serious medical condition, Defendants Unknown Cook County Sheriffs and Defendants Unknown Medical Personnel of Cook County Hospital were deliberately indifferent to Plaintiff's health, injuries, and safety by refusing to obtain and provide medical treatment for Plaintiff, in violation of the Eighth Amendment of the U.S. Constitution.

39. As a direct and proximate result of Defendants Unknown Cook County Sheriffs and Defendants Unknown Medical Personnel of Cook County Hospital's deliberate indifference to the health, injuries, and safety of Plaintiff, Plaintiff suffered severe physical and emotional harm.

40. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant County of Cook in that:

    a. As a matter of both policy and practice, Defendant County of Cook directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its sheriffs and medical personnel, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, Defendant County of Cook facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading sheriffs and medical personnel to believe that their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff.

    c. Defendant County of Cook has actual notice of a pattern and practice of abuse engaged in by sheriffs at Cook County Jail and Cook County Hospital in which medical attention is intentionally withheld from inmates with serious injuries, such as Plaintiff, and Defendant County of Cook has failed to act to remedy this pattern

       and practice of abuse despite actual knowledge of same, thereby proximately causing the injuries alleged herein.

41. This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Cook County and Defendants Unknown Cook County Sheriffs and Defendants Unknown Medical Personnel of Cook County Hospital in a fair and just amount sufficient to compensate him for the injuries he suffered, punitive damages against Defendants Unknown Cook County Sheriffs and Defendants Unknown Medical Personnel of Cook County Hospital costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V – Intentional Infliction of Emotional Distress

42. Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.
43. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.
44. The failure by Defendants Unknown Medical Personnel of Cook County Hospital to provide medical treatment to Plaintiff constituted deliberate indifference to the health, injuries, and safety of Plaintiff as a patient at Cook County Hospital, was committed with intentional disregard for Plaintiff's innocence and well-being, was willful and wanton, and amounted to extreme and outrageous conduct against Plaintiff.

45. Defendants Unknown Medical Personnel of Cook County Hospital intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

46. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional distress, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants Unknown Cook County Medical Personnel in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, punitive damages, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI—Indemnification Against Defendant Cook County

47. Plaintiff re-alleges paragraphs 1 through 19 as if fully re-pleaded herein.

48. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Defendant County of Cook is empowered and directed to pay any judgment for compensatory damages (an any associated attorneys' fees and costs) for which its employees, including Defendants Unknown Cook County Medical Personnel of Cook County Hospital (Stroger), acting within the scope of their employment, are found liable.

49.    The acts and/or omissions of Defendants Unknown Medical Personnel at Cook County Hospital were committed within the scope of their employment. Defendant County of Cook, therefore, is liable as principal for all torts committed by its employees, Defendants Unknown Medical Personnel at Cook County Hospital.

WHEREFORE, Plaintiff prays for judgment against Defendant County of Cook in a fair and just amount sufficient to compensate him for the injuries he suffered, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

August 6, 2008

ANTWAIN BAILEY,

By:/s/ Josh M. Friedman
One of his attorneys

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

JOSH M. FRIEDMAN
Law Offices of Josh Friedman
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120