# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTWAIN BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08 C 4441 |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, ILLINOIS; | ) |
| CHICAGO POLICE OFFICERS | ) JUDGE MAROVICH |
| D. W. PEARSON, Star No. 16462, | ) |
| K. K. KRIZKA, Star No. 15972, and | ) |
| R. BROWN, Star No. 12748; | ) MAGISTRATE JUDGE MASON |
| COOK COUNTY, ILLINOIS; RITA | ) |
| AGARWALA, SARAH H. SHEIKH, DR. | ) |
| KEITH PHAM, DR. PETER J. EGOFSKE, | ) |
| DANIEL PARK, REBECCA ROTH, RN, | ) |
| CHRISTINA SALCHER, YVETTE | ) **JURY TRIAL DEMANDED** |
| SCULLY, RN, DR. ADAM RUSH, E. | ) |
| GALE CRUZE, RN, R. BLOND, RN, | ) |
| LAURA GOMEZ, RN, SHARON HILL, | ) |
| LPN, JIMMIE SINGLETON, RN, JANET | ) |
| WATTS, RN, T. GROSS, RN, | ) |
| C. HERNANDEZ, LPN, | ) |
| DR. KAPOTAS, DR. SMULKSTYS, | ) |
| C. ZAWTIZ, BARBARA DAVIS, | ) |
| YU YAN; COOK COUNTY | ) |
| SHERIFFS DEPARTMENT; | ) |
| COOK COUNTY SHERIFFS | ) |
| BLUNT, Star No. 195, REYES, Star No. | ) |
| 8509, GONZALES, Star No. 8823, | ) |
| HERNANDEZ, Star No. 6210, SPANN, | ) |
| Star No. 8654, BAILEY, Star No. 1060, | ) |
| DUNN, Star No. 8369; FABIAN, Star No. | ) |
| 8820, SKINNER, Star No. 1027, | ) |
| MCCULLOUGH, Star No. 1059, HALL, | ) |
| Star No. 158; | ) |
| | ) |
| Defendants. | ) |

**SECOND AMENDED COMPLAINT**

Now comes Plaintiff, ANTWAIN BAILEY, ("Plaintiff"), by and through his attorneys, Jeffrey B. Granich, Josh M. Friedman, and Katie Z. Ehrmin, and for his Second Amended Complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"); Defendant CHICAGO POLICE OFFICERS D. W. PEARSON, Star No. 16462, K. K. KRIZKA, Star No. 15972, and R. BROWN, Star No. 12748 (collectively, the "Defendant Chicago Police Officers"); COOK COUNTY, ILLINOIS ("Defendant County"); RITA AGARWALA, SARAH H. SHEIKH, DR. KEITH PHAM, DR. PETER J. EGOFSKE, DANIEL PARK, REBECCA ROTH, RN, CHRISTINA SALCHER, YVETTE SCULLY, RN, DR. ADAM RUSH, E. GALE CRUZE, RN, R. BLOND, RN, LAURA GOMEZ, RN, SHARON HILL, LPN, JIMMIE SINGLETON, RN, JANET WATTS, RN, T. GROSS, RN, C. HERNANDEZ, LPN, DR. KAPOTAS, DR. SMULKSTYS, C. ZAWITZ, BARBARA DAVIS, and YU YAN (collectively, the "Defendant Cook County Medical Personnel"); COOK COUNTY SHERIFF'S DEPARTMENT ("Defendant Cook County Sheriff's Department"), COOK COUNTY SHERRIFS BLUNT, Star No. 195, REYES, Star No. 8509, GONZALES, Star No. 8823, HERNANDEZ, Star No. 6210, SPANN, Star No. 8654, BAILEY, Star No. 1060, DUNN, Star No. 8369; FABIAN, Star No.8820, SKINNER, Star No. 1027, MCCULLOUGH, Star No. 1059, and HALL, Star No. 158 (collectively, the "Defendant Cook County Sheriffs"); states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution as well as Illinois law.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Antwain Bailey was a male resident of Chicago, Illinois.

5. At all times relevant hereto, the Defendant Chicago Police Officers were Police Officers for the City of Chicago and were acting under the color of state law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

7. Defendant Cook County, Illinois ("County of Cook") owns and operates Cermak Hospital and Cook County Hospital (Stroger), and is a political subdivision of the State of Illinois and a unit of local government subject to the laws of the State of Illinois. At all times relevant hereto, Defendant Cook County was the employer of Defendant Cook County Medical Personnel, and at all relevant times hereto, said medical personnel were acting under color of state law and within the course and scope of his or her employment.

8. At all times relevant hereto, Defendant Cook County Sheriff's Department is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Unknown Cook County Sheriffs, acting within the scope of his/her employment is found liable. Accordingly, Defendant Cook County Sheriff's Department is an indemnification party to Count III of this Complaint.

## FACTUAL ALLEGATIONS

9. On August 7, 2006, Plaintiff was operating a motorcycle, Illinois license plate # BA2042, at or near 11910 S. Yale Ave. in Chicago, Illinois.

10. At this time, one or more Defendant Chicago Police Officers, who were operating a police vehicle, encountered Plaintiff while he was operating the motorcycle.

11. At this time, and as one or more Defendant Chicago Police Officers were In the process of curbing the motorcycle, Defendant Officers operated their vehicle in a highly reckless and dangerous manner, and intentionally ran over the Plaintiff after one or more Defendant Chicago Police Officers intentionally caused a crash to occur with the Plaintiff and the motorcycle operated by Plaintiff.

12. The police vehicle operated by one or more Defendant Chicago Police Officers ran over Plaintiff's right leg, causing him severe pain and injuries.

13. Plaintiff was transported to Christ Hospital where he underwent two surgeries for the injuries caused by one or more Defendant Officers as a result of their intentional conduct in causing a collision with Plaintiff and

        causing their vehicle to run over Plaintiff's right leg. At Christ Hospital, a steel rod was placed into Plaintiff's leg and a soft wrap was placed over his injured leg.

14. At some time after being admitted to Christ Hospital, Plaintiff was charged with Possession of a Stolen Vehicle in violation of 625 ILCS 5.0/4-103-A-1 and Unlawful Use of a Weapon in violation of 720 ILCS 5.0/24-1.1-A.

15. After being discharged from Christ Hospital, Plaintiff was transported to Cook County Department of Corrections and received treatment for his injuries at Cermak Hospital, which is owned and operated by Defendant Cook County. At the time of his incarceration, Plaintiff was suffering from severe injuries and was in extreme pain, and his medical condition was objectively serious and apparent to Defendant Cook County Sheriffs. One or more Defendant Cook County Medical Personnel at Cermak Hospital replaced the soft wrap on Plaintiff's injured leg with a hard cast.

16. One or more Defendant Cook County Medical Personnel at Cermak Hospital related to Plaintiff that the hard cast would only remain on Plaintiff's injured leg for approximately one week, however, in fact the hard cast was left on for more than one month.

17. Plaintiff continuously requested medical treatment from one or more Defendant Cook County Sheriffs, but they refused to obtain him treatment. As a result of said failure to obtain treatment for Plaintiff, the condition of Plaintiff's leg worsened, causing him to suffer continuous dripping from his leg. This caused his hard cast to become soft and wet, which was visible and objectively obvious. Additionally, this failure to provide Plaintiff with proper medical treatment caused his toes to turn color, which was visible and objectively obvious.

18. Furthermore, this failure to provide Plaintiff with proper medical treatment caused him to experience extreme pain, which he advised Defendant Cook County Sheriffs and Defendant Cook County about. However, said Defendants were deliberately indifferent to Plaintiff's medical condition and refused to obtain or provide treatment to him.

19. One or more Defendant Cook County Sheriffs were deliberately indifferent to Plaintiff's health and welfare by their deliberate failure to obtain treatment from Defendant Cook County Medical Personnel for Plaintiff's objectively serious medical condition. Furthermore, one or more Defendant Cook Medical Personnel were deliberately indifferent to Plaintiff's health and welfare by their deliberate failure to provide medical treatment to him, or by failing to provide proper medical treatment to him.

20. Plaintiff was eventually taken to Cermak Hospital, the hard cast was removed, and it was discovered that Plaintiff's injured leg was gangrene and that a large hole had developed underneath the hard cast. These conditions were the direct and proximate result of the aforementioned defendants' deliberate indifference to Plaintiff's objectively serious medical condition.

21. Plaintiff was ultimately taken to Cook County Hospital (Stroger) where he received several surgeries in order to treat Plaintiff's now severely injured leg. Despite attempts to save and heal Plaintiff's injured leg, it was determined that his leg needed to be amputated.

22. On February 14, 2007, Plaintiff's right leg was amputated by Defendant Unknown Medical Personnel at Cook County Hospital (Stroger), a procedure that could and would have been avoided had Plaintiff received the necessary medical care and treatment.

## Count I – 42 U.S.C. § 1983 – Excessive Force

23. Plaintiff re-alleges paragraphs 1 through 22 as if fully repleaded herein.

24. On August 7, 2006, the Defendant Chicago Police Officers subjected Plaintiff to excessive force.

25. The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

26. The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully

    investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

  c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

  e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

27. As a direct and proximate result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

6

WHEREFORE, Plaintiff prays for judgment against Defendant Chicago Police Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Chicago Police Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 – Failure to Intervene

28. Plaintiff re-alleges paragraphs 1 through 22 as if fully repleaded herein.

29. During the constitutional violations as described above, one or more of the Defendant Chicago Police Officers stood by without intervening to stop the excessive force alleged above.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

31. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

32.    As a direct and proximate result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

    WHEREFORE, Plaintiff prays for judgment against Defendant Chicago Police Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Chicago Police Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

8

Case: 1:08-cv-04441 Document #: 63 Filed: 02/25/09 Page 9 of 15 PageID #:287

### **Count III – 42 U.S.C. § 1983 Conspiracy**

33. Plaintiff re-alleges paragraph 1 through 22 as if fully repleaded herein.

34. Defendant Chicago Police Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

35. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the U.S. constitution.

36. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

37. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the running over the Plaintiff with Defendant's police vehicle, on August 7, 2006, as more fully alleged in the preceding paragraphs.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this

        Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

   g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

   h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

39. As a direct and proximate result of this course of conduct by Defendants described in this count, which was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence to Plaintiff, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

  WHEREFORE, Plaintiff prays for judgment against Defendant Chicago Police Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Chicago Police Officers, costs and

10

reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV – 42 U.S.C. § 1983 Eighth Amendment

40. Plaintiff re-alleges paragraphs 1 through 22 as if fully repleaded herein.

41. By refusing to obtain and provide proper medical treatment for Plaintiff despite Plaintiff's repeated requests for medical assistance, and his objectively serious medical condition, one or more Defendant Cook County Medical Personnel and Defendant Cook County Sheriffs were deliberately indifferent to Plaintiff's health, injuries, and safety by refusing to obtain and provide medical treatment for Plaintiff, in violation of the Eighth Amendment of the U.S. Constitution.

42. As a direct and proximate result of one or more of Defendant Cook County Medical Personnel and Defendant Cook County Sheriffs' deliberate indifference to the health, injuries, and safety of Plaintiff, Plaintiff suffered severe physical and emotional harm.

43. The misconduct described in this Count was undertaken pursuant to the policy and practice of Defendant Cook County and Cook County Sheriff's Department in that:

   a. As a matter of both policy and practice, Defendant County of Cook and the Cook County Sheriff's Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its Sheriffs and medical personnel, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, Defendant County of Cook and Cook County Sheriff's Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Sheriffs and medical personnel to believe that their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff.

   c. Defendant County of Cook and Cook County Sheriff's Department has actual notice of a pattern and practice of abuse engaged in by Sheriffs at Cook County Jail and medical personnel at Cook County Hospital (Stroger) and Cermak Hospital in which medical attention is intentionally withheld from inmates with serious injuries, such as Plaintiff, and Defendant County of Cook and Cook County Sheriff's Department has failed to act to remedy this

          pattern and practice of abuse despite actual knowledge of same, thereby proximately causing the injuries alleged herein.

44. As a direct and proximate result of this course of conduct by Defendants described in this Count, which was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence to Plaintiff, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants Cook County, Cook County Sheriff's Department, Cook Medical Personnel and Cook County Sheriffs, in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants Cook County Medical Personnel and Cook County Sheriffs, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count V – Intentional Infliction of Emotional Distress

45. Plaintiff re-alleges paragraphs 1 through 22 as if fully repleaded herein.

46. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

47. The failure of Defendant Cook County Medical Personnel and Cook County Sheriffs to provide proper medical treatment to Plaintiff constituted deliberate indifference to the health, injuries, and safety of Plaintiff as a patient at Cermak Hospital and/or Stroger Hospital, was committed with intentional disregard for Plaintiff's innocence and well-being, was willful and wanton, and amounted to extreme and outrageous conduct against Plaintiff.

48. The aforementioned defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

49. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Cook County Medical Personnel and Defendant Cook County Sheriffs in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, punitive damages, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI—Indemnification Against Defendant Cook County

50. Plaintiff re-alleges paragraphs 1 through 22 as if fully re-pleaded herein.

51. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Defendant County of Cook is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which its employees, including Defendant Cook County Medical Personnel, acting within the scope of their employment, are found liable.

52. The acts and/or omissions of aforementioned Defendants were committed within the scope of their employment. Defendant County of Cook, therefore, is liable as principal for all torts committed by the aforementioned defendants.

WHEREFORE, Plaintiff prays for judgment against Defendant County of Cook in a fair and just amount sufficient to compensate him for the injuries he suffered, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VII—Indemnification Against Defendant Cook County Sheriff's Department

53. Plaintiff re-alleges paragraphs 1 through 22 as if fully re-pleaded herein.

54. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Defendant Cook County Sheriff's Department is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which its employees, including Defendant Cook County Sheriffs acting within the scope of his/her employment is found liable.

55. The acts and/or omissions of Defendant Cook County Sheriffs were committed within the scope of their employment. Defendant Cook County Sheriff's Department, therefore, is liable as principal for all torts committed by its employees, Defendant Cook County Sheriffs.

WHEREFORE, Plaintiff prays for judgment against Defendant Cook County Sheriff's Department in a fair and just amount sufficient to compensate him for the injuries he suffered, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

          ANTWAIN BAILEY,
          Plaintiff,

          By:/s/ Josh M. Friedman
              One of his attorneys

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

JOSH M. FRIEDMAN
Law Offices of Josh Friedman
53 W. Jackson
Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120

**CERTIFICATE OF SERVICE**

I, Josh Friedman, attorney for Plaintiff, hereby certify that I served a copy of the foregoing Second Amended Complaint by this Court's ECF system on the individuals listed below on this 25th day of February, 2009:

**Alec Meacham McAusland**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
Email: amcausland@cityofchicago.org

**Megan Kelly McGrath**
City of Chicago, Department of Law
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
Email: megan.mcgrath@cityofchicago.org

**Kevin William Frey**
Cook County States Attorney's Office Daley Ctr.
500 Richard J. Daley Center
Chicago, IL 60602
Email: kfrey@cookcountygov.com


/s/Josh Friedman_____
Attorney for Plaintiff