**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTWAIN BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 4441 |
| v. ) | |
| ) | Judge George M. Marovich |
| CITY OF CHICAGO, D.W. PEARSON, ) | |
| K.K. KRIZKA, R. BROWN, ) | |
| COOK COUNTY, RITA AGARWALA, ) | |
| SARAH H. SHEIKH, DR. KEITH PHAM, ) | |
| DR. PETER J. EGOFSKE, DANIEL PARK,) | |
| REBECCA ROTH, CHRISTINA ) | |
| SALCHER, YVETTE SCULLY, ) | |
| DR. ADAM RUSH, E. GALE CRUZE, ) | |
| R. BLOND, LAURA GOMEZ, ) | |
| SHARON HILL, JIMMIE SINGLETON, ) | |
| JANET WATTS, T. GROSS, ) | |
| C. HERNANDEZ, DR. KAPOTAS ) | |
| DR. SMULKSTYS, C. ZAWTIZ, ) | |
| BARBARA DAVIS, YU YAN, ) | |
| COOK COUNTY SHERIFF'S ) | |
| DEPARTMENT, BLUNT, REYES, ) | |
| GONZALEZ, SPANN, BAILEY, DUNN, ) | |
| FABIAN, SKINNER, McCULLOUGH, ) | |
| and HALL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antwain Bailey ("Bailey") filed suit against a laundry list of defendants. In three separate motions (one filed by defendant Cook County, one filed by defendant Cook County Sheriff's Department, and one filed by defendants Dr. Kapotas, Dr. Smulkstys, C. Zawtiz, Barbara Davis and Yan Yu) defendants move to dismiss Count V based on the statute of limitations.

**I.     Background**

The Court takes as true the allegations in plaintiff's second amended complaint.

On August 7, 2006, plaintiff Bailey was arrested and charged with possession of a stolen vehicle and unlawful use of a weapon. When police officers attempted to apprehend Bailey, the police officers intentionally caused plaintiff to crash the motorcycle he was driving. A police officer ran over Bailey's leg, causing him pain and injury.

Plaintiff was transported (it is unclear by whom) to Christ Hospital, where his leg was treated. Plaintiff's treatment involved two surgeries and the implantation of a steel rod in his leg. When Christ Hospital discharged plaintiff, he was taken to the Cook County Department of Corrections. Staff at Cermak Hospital put plaintiff's leg in a hard cast, which was to remain on his leg for approximately one week.

Plaintiff's condition deteriorated over the next four weeks, during which time plaintiff's hard cast was not removed. Plaintiff suffered extreme pain from his leg injury. Plaintiff's hard cast became soft due to dripping from his leg. Plaintiff's toes "turn[ed] color." Despite plaintiff's continual requests for medical treatment, plaintiff did not receive medical treatment.

At some point (when is not clear from the complaint), plaintiff was treated at Cermak Hospital, where someone (who is not clear from the complaint) discovered that plaintiff's leg was gangrenous. Plaintiff was taken to Stroger Hospital. Despite several surgeries, doctors (it is unclear who) were unable to save plaintiff's leg. On February 14, 2007, plaintiff's leg was amputated. (Again, it is not clear from the complaint what health care professionals were involved.)

Plaintiff filed this suit asserting claims under 42 U.S.C. § 1983 and for intentional infliction of emotional distress. Several defendants have moved to dismiss Count V, the claim for intentional infliction of emotional distress, based on the statute of limitations.

## II.  Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

**III.    Discussion**

In Count V, plaintiff alleges that certain (it is not entirely clear which) defendants subjected him to intentional infliction of emotional distress.  Specifically, plaintiff alleges:

> The failure of Defendant Cook County Medical Personnel and Cook County Sheriffs to provide proper medical treatment to Plaintiff constituted deliberate indifference to the health, injuries, and safety of Plaintiff as a patient at Cermak Hospital and/or Stroger Hospital, was committed with intentional disregard for Plaintiff's innocence and well-being, was willful and wanton, and amounted to extreme and outrageous conduct against Plaintiff.

(Second Amended Complaint ¶ 47).

Defendants argue that Count V is barred by the statute of limitations.  A statute of limitations is an affirmative defense.  *See* Fed. R. Civ. P. 8(c).  A party need not plead around an affirmative defense.  *Lewis v. City of Chi.*, 528 F.3d 488, 494 (7th Cir. 2008).  Still, a plaintiff may plead himself out of court by alleging (and thus admitting) all of the elements of the affirmative defense.  *Cancer Foundation, Inc. v. Cerberus Capital Mgt. LP*, 559 F.3d 671, 674 (7th Cir. 2009).

The specific statute of limitations that defendants argue bars plaintiff's claim for intentional infliction of emotional distress is 745 ILCS § 10/8-101(a).  That section says:

> No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS § 10/8-101(a).  Plaintiff, on the other hand, argues that his cause of action is timely because it falls within § 10/8-101(b), which provides, in relevant part:

> No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, *arising out of patient care* shall be brought more than 2 years after the date on which the

> claimant knew . . . of the existence of the injury or death for which damages are sought in the action . . .

745 ILCS § 10/8-101(b) (emphasis added). The parties agree that plaintiff's injury accrued no later than February 14, 2006, when plaintiff's leg was amputated. Thus, if plaintiff's claim arises out of patient care, then it was timely when plaintiff filed it on August 6, 2008. If the claim does not arise out of patient care, it is barred by the one-year statute of limitations set out in § 10/8-101(a).

The Illinois Supreme Court has considered the meaning of the phrase "arising out of patient care" in a nearly-identical statute of limitations. *See Brucker v. Mercola*, 227 Ill.2d 502 (Ill. S.Ct. 2007). There, the Illinois Supreme Court said:

> [w]e construe 'arising out of patient care' simply as requiring a causal connection between the patient's medical care and the injury. While the phrase does not need to be construed so broadly as to encompass 'but for' causation, it clearly covers any injuries that have their origin in, or are incidental to, a patient's medical care and treatment.

*Brucker*, 227 Ill.2d at 523-524. In a footnote, the Illinois Supreme Court gave examples of injuries that do not arise out of patient care even though they would not have occurred "but for" the patient care. The court said:

> Examples of the types of injuries that would not have happened 'but for' the fact that [plaintiff] went to [defendant's] office for treatment were given in defendants' motion to dismiss: something falls out of [defendant's] storage cabinet and hits [plaintiff] on the head, something explodes in the storage cabinet and injures her, or [plaintiff] slips and falls on the way to the bathroom in [defendant's] office. These hypothetical injuries would not have happened but for the fact that [plaintiff] went to [defendant's] office for treatment, but they would not have been injuries arising out of the care and treatment of [plaintiff] by defendants.

*Brucker*, 227 Ill.2d at 524 n. 3.

The Court first considers the allegations against the Cook County Sheriff's Department. Plaintiff alleges that the Cook County Sheriff's Department failed "to obtain treatment for Plaintiff" despite his repeated requests and the obvious need for medical treatment for his gangrenous leg. Nowhere does plaintiff allege that the Cook County Sheriff's Department actually provided medical care. Accordingly, plaintiff's claim is not a claim "arising out of patient care." It follows, then, that the claim is covered by part (a), rather than part (b) of 745 ILCS § 10/8-101. Plaintiff failed to file the claim within that section's one-year limitations period, so the claim is time-barred with respect to the Cook County Sheriff's Department. The Cook County Sheriff's Department's motion to dismiss Count V is granted, and Count V is dismissed with prejudice as to the Cook County Sheriff's Department.

Next, the Court considers the allegations against defendants Dr. Kapotas, Dr. Smulkstys, C. Zawtiz, Barbara Davis and Yan Yu. The Court finds in Count V no allegations as to these defendants beyond a vague reference to "Cook County Medical Personnel." Since plaintiff does not appear to be asserting a claim for intentional infliction of emotional distress against defendants Dr. Kapotas, Dr. Smulkstys, C. Zawtiz, Barbara Davis or Yan Yu, their motion to dismiss is denied as moot. (Should plaintiff attempt to assert an intentional infliction of emotional distress claim against these defendants in the future, however, these defendants remain free to seek dismissal at that time.)

Finally, the Court considers the allegations against Cook County. The Court cannot tell from plaintiff's complaint whether his intentional infliction of emotional distress claim against Cook County arises out of patient care, because it is not clear whether plaintiff alleges the extreme conduct was the refusal to provide medical care or the medical care itself (or both).

(Cook County has not moved for a more definite statement or to dismiss for failure to state a claim.) Thus, the Court cannot say that plaintiff has pleaded himself out of court with respect to Count V against Cook County. Cook County's motion to dismiss Count V is denied.

## IV. Conclusion

For the reasons set out above, the Court grants defendant Cook County Sheriff's Department's motion to dismiss and dismisses with prejudice Count V as to the Cook County Sheriff's Department. The Court denies as moot the motion to dismiss filed by defendants Dr. Kapotas, Dr. Smulkstys, C. Zawtiz, Barbara Davis and Yan Yu. The Court denies defendant Cook County's motion to dismiss.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: May 5, 2009